David SHANYFELT, Plaintiff–
Appellant,

v.

WACHOVIA MORTGAGE FSB, Wells
Fargo Home Mortgage Inc., Mortgage
Electronic Registration Systems, Inc.,
McCalla Raymer, LLC/McCalla Ray-
mer, Esq., Defendants–Appellees.

No. 11–11803
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Aug. 25, 2011.

Dale A. Calomeni, Calomeni & Associ-
ates, LLC, Roswell, GA, for Plaintiff–Ap-
pellant.

David Shanyfelt, Cumming, GA, pro se.

Nancy H. Baughan, Darren E. Gaynor,
Parker Hudson Rainer & Dobbs, LLP,
Atlanta, GA, for Defendants–Appellees.

Before WILSON, PRYOR and BLACK,
Circuit Judges.

PER CURIAM:

David Shanyfelt appeals the dismissal
with prejudice of his complaint against
Wachovia Mortgage FSB, Wells Fargo
Home Mortgage Inc., Mortgage Electronic
Registration Systems, Inc., and McCalla
Raymer LLC/McCalla Raymer, Esq. After
Shanyfelt filed his complaint in a Georgia
court, Wachovia removed the action to the
district court. 28 U.S.C. § 1332. The dis-
trict court *sua sponte* dismissed Shany-
felt's complaint after he failed to comply
with an order to provide a more definite
statement of his claims. Fed.R.Civ.P.
12(e). Shanyfelt argues, for the first time
on appeal, that the district court should
have *sua sponte* remanded the complaint
to state court because Shanyfelt and
McCalla Raymer are both citizens of Geor-
gia. Shanyfelt also argues, for the first
time, that the defendants committed fraud
by submitting fraudulent documents to the
district court and to the state courts. We
affirm.

Wachovia, Wells Fargo, Mortgage Reg-
istration, and McCalla argue that Shany-
felt waived "all of [his] arguments" by
failing to present them to the district
court, but we disagree in part. Although
we will not consider " 'arguments not
raised in the district court and raised for
the first time in an appeal,' " *Access Now,
Inc. v. Sw. Airlines Co.*, 385 F.3d 1324,
1331 (11th Cir.2004) (quoting *Walker v.
Jones*, 10 F.3d 1569, 1572 (11th Cir.1994)),
"[a] litigant generally may raise a court's
lack of subject-matter jurisdiction at any
time in the same civil action, even initially
at the highest appellate instance," *Kon-
trick v. Ryan*, 540 U.S. 443, 455, 124 S.Ct.
906, 915, 157 L.Ed.2d 867 (2004). We
decline to consider Shanyfelt's arguments
about fraud, but we address his argument
about subject-matter jurisdiction.

The district court had subject-matter ju-
risdiction to entertain Shanyfelt's com-
plaint based on diversity of citizenship. A
district court has diversity jurisdiction
when the parties are citizens of different
states and the amount in controversy ex-
ceeds $75,000. 28 U.S.C. § 1332(a). Al-
though Shanyfelt argues that both he and
McCalla Raymer are citizens of Georgia,
Shanyfelt never served McCalla Raymer
with a summons and complaint while the
action was pending in the district court.
*See* Fed.R.Civ.P. 4(m) (requiring service

within 120 after complaint is filed). Wachovia mentioned that failure to serve McCalla Raymer in its notice of removal. *See* 28 U.S.C. § 1441(b) (allowing removal based on "parties in interest [who are] properly joined and served"). The district court was entitled to entertain Shanyfelt's complaint without regard to the citizenship of McCalla Raymer.

The dismissal of Shanyfelt's complaint is **AFFIRMED.**